IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| OWEN GARTH HINKSON, : | |
| Plaintiff, : | |
| vs. : | Civil Action No._____ |
| DANIEL J. HOGAN, : | JURY TRIAL DEMANDED, AND |
| CLERK MAGISTRATE; : | SEEKING PUNITIVE DAMAGES |
| MARILYN WELLINGTON, : | |
| COURT ADMINISTRATOR; : | DEMAND FOR MONEY DAMAGES |
| FRANCIS J. CAFFREY, : | 4.4 MILLON DOLLARS. |
| CLERK; : | |
| CHARLES R. JOHNSON, : | PLAINTIFF'S COMPLAINT |
| CHIEF JUSTICE FOR : | |
| BOSTON MUNICIPAL COURT. : | |
| Defendants. : | |

## I.   INTRODUCTION

This is a civil action brought to redress the deprivation by Defendants of rights secured to the Plaintiff by the United States Constitution and the laws of the United States of America and the laws of the Commonwealth of Massachusetts.

Subsequent to the lawful filing pursuant to Massachusetts General Law Chapter 278, Section 29D, and Massachusetts Criminal Procedure Rule 30(b), each named Defendants presented an incorrect Boston Municipal Criminal Court Docket Sheet to denied the Plaintiff Due Process of law and Equal Protecttion of laws.

Plaintiff filing this Complaint Pro Se. See **Haines v. Kerner, 404 U.S. 519, 92 S.Ct (1972).** With this as a background, Plaintiff Owen Garth Hinkson, does hereby complain as follows:

## II. JURISDICTION

**1.** This Court has jurisdiction over this action under provisions of 28 U.S.C §§ 1331, 1332, 1341 & 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens and non citizens of the United States secured by the Constitution and federal law pursuant 42 U.S.C. §§ 1981 & 1983.

**2.** Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiff's claims occurred in this judicial district.

## III. PARTIES

**3.** Plaintiff Owen Garth Hinkson ("Plaintiff" or "Hinkson") is a citizen of Jamaice and currently resides at Federal Correctional Institution in Ray Brook, New York. Prior to his arrest on September 23, 1998, Hinkson resided in Boston, Massachusetts.

**4.** At all times relevant herein and upon information and belief, Defendants Daniel Hogan ("Hogan"), Marilyn Wellington ("Wellington"), Francis Caffrey ("Caffrey"), and Charles Johnson ("Johnson") was and remains a officer in the Boston Municipal Criminal Court Department, with their principal place of business being Boston Municipal Court, John W. McCormack Post Office & Courthouse, 90 Devonshire Street, Boston, Massachusetts 02109.

At the time of the Constitutional violation detailed herein, the Defendants was acting under the direction of Ms Marilyn Wellington, Court Administrator for the Boston Municipal Court, Daniel Hogan, Clerk Magistrate, and Charles R. Johnson, Chief Justice for the Boston Municipal Criminal Court Department, which in turn supervised by the Supreme Judicial Court of Massachusetts.

## IV.   STATEMENT OF THE FACTS

5. Plaintiff Owen Garth Hinkson's Attorney William C. Penkethman, Jr. filed a Motion To Vacate Judgment Of Conviction Purusant To M.G.L. c. 278, § 29D, on or about October 6, 1999, and on December 20, 2000, the Boston Municipal Criminal Court Justice Sally A. Kelly, denied the Motion. The basis of this denial was that the defendant had been found guilty after a bench trial, and that being the case, the statute did not apply.

6. On or about October 21, 2003, Plaintiff located the then trial counsel and uptain an affidavit and in the affidavit the trial counsel tell the Commonwealth and the Boston Municipal Court that the Docket Sheet was incorrect, and that the Plaintiff did not had a bench trial he had a guilty plea. The Commonwealth then located the then trial counsel and agree that the Plaintiff did had a guilty plea, and ask the Boston Municipal Criminal Court to re hear the Motion To Vacate Judgment Of Conviction. As of that date the Boston Municipal Court have not hear the Motion nor can I hear from the Boston

Municipal Criminal Court.

**7.** On or about December 12, 2003, Plaintiff re filed the Motion To Vacate Judgment Of Conviction, and on that same date the Plaintiff ask the Supreme Judicial Court Administrator Pamela B. Lyons, to see that the Boston Municipal Court hear the Plaintiff's Motion, and on January 14, 2004, Ms. Lyons send a letter to the Boston Municipal Court Administrator Ms. Wellington. (Ms. Lyons' request: "By this Letter I am forwarding to you, for whatever action you deem necessary, the enclosed correspondence from Owen Garth Hinkson") Defendant Marilyn Wellington did not take any action at all.

**8.** On February 2, 2004, Defendant Francis Caffrey, Clerk send the Plaintiff a letter after 3 or 4 phone conversation and after telling the Plaintiff that the Chief Justice will not hear the Plaintiff's Motion without an attorney for the Plaintiff. Mr. Caffrey's letter states as follows: ("The Court will notify you as to the name of the Attorney who has been assigned to represent you. At the present time we are waiting for the Committee for Public Counsel Service to inform the court as the Attorney's name.")

**9.** On April 19, 2004, Plaintiff send a letter to the Committee for Public Counsel Service (CPCS) and Mr. Donald S. Bronstein, Esq. informed me that the: ("CPCS has not received any Notice of Assignment of Counsel from the court,"...) So it is clear from the record that Defendant Caffrey mislead the the Plaintiff. This is a clear Due Process violation.

**10.** Defendant Daniel Hogan, has a duty as the Clerk Magistrate, to keep a correct Court Docket Sheet, and when the Defendant Hogan, present the incorrect docket sheet to the Honorable Sally Kelly, J. and the Honorable Sally Kelly, J. use that incorrect record to denied the Plaintiff's Motion To Vacate Judgment Of Conviction that violated Due Process of Law. See **Sellers v. Bureau Of Prison 959 F.2d 307, 312 (D.C. Cir. 1992)** ("As long as the information contained in an agency's flies is capable of being verified, then, under section (e)(5) and (g)(1)(C) of the Act, the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual.")

**11.** On December 12, 2003, I, Plaintiff Owen Garth Hinkson, bring these Constitutional violations to the Defendant Charles R. Johnson, Chief Justice of the Boston Municipal Criminal Court and request that he address it has the head of that Department. This Defendant Charles R. Johnson, Chief Justice of the Boston Municipal Criminal Court, violated the oath of his office. See The Commonwealth of Massachusetts Commission on Judicial Conduct Annual Report 2001  (A) Adjudicative Responsiblities (4) A judge should accord to every person who is legally interested in a proceeding,  or his lawyer... (5) A judge should dispose promptly of the business of the court. In this Plaintiff's case the Honorable Chief Justice Johnson, did not follow the laws of the Commonwealth of Massachusetts or the laws of the United States. and that violated the Constitutional rights that protects

the Plaintiff.

**12.** During all times mentioned in this Complaint, these Defendants was acting under color of state law, that is, under color of the Constitution, statutes, law, charter, ordinances, rules, regulations, customs and usages of the Commonwealth of Massachusetts, the City of Boston and the United States of America.

**13.** The Defendants should have known that their actions violated clearly established law protecting the Constitutional and statutory rights of the Plaintiff.

## CAUSE OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION

### Violation of Constitutional Rights Under Color of State Law --Due Process Violation--

**14.** Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 13.

**15.** Each Defendants have knowledge of the incorrect Court Docket Sheet and take no action to correct it. The District Attorney's Office Notify the Defendants that the Court's Docket Sheets was incorrect and aggree that a hearing would be helpful to resolving the issues in that case. The Defendants make no effort to address the issues. The Defendants' conduct represents a violation of Plaintiff's rights under the Fifth Amendment to the United States Constitution.

**16.** This conduct on the part of Defendant Hogan, Wellington, Johnson, and Caffrey also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

**17.** As a direct and proximate result of this unconstitutional acts described above, Plaintiff has been suffer irreparably damage.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violation of Constitutional Rights under Color of State Law
### --Equal Protection of Laws--

18. Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraph 1 through 18.

19. The Equal Protection Clause of the United States Constitution has been violated by each Defendant. On or about October 20, 2002, I did a Motion for Mr. Collin Dovovan Harvey, in the Hampden County Trial Court in Springfield, Massachusetts, and that trial court did not answer to Mr. Collin's Motion, that Motion was filed pursuant to M.G.L c. 278, § 29D, I then wrote to the Supreme Judicial Court Administrator Pamela Lyons and ask her to see to it that the trial court answer to Mr. Collin's Motion and Ms. Lyons send Mr. Collin a letter asking him to send a second copy of his Motion to the trial court and he did just as Ms. Lyons ask him to do

20. This Plaintiff's case is the same as Mr. Collin's case and I ask Ms. Lyons to see to it that the Defendants answer to my case and the Defendant refused to do as Ms. Lyons ask them to do.

21. On or about October 7, 2004, the District Court Department Springfield Division allowed Mr. Collin's Motion that I did for him. The Commonwealth of Massachusetts Springfield Court Robert A. Gordon, Justice states as follows: ("The Commonwealth was unable to sustain their burden of proof and offered no evidence that alien warnings were given to the

Defendant on July 22, 1993. Therefore, I enter a Finding allowing the Defendant's Motion to Vacate the Conviction in the above captioned case.")

**22.** This is a clear equal protection violation, the law of M.GL. c. 278, § 29D, apply to Mr. Collin with the same case, I mean the same every thing as the Plaintiff's case but the law do not apply to the Plaintiff, based on the Defendants actions.

**23.** This conduct on the part of all the Defendants also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

**24.** As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been suffer irreparably damage.

### V.   PLAINTIFF DEMAND MONEY DAMAGES

**25.** This Plaintiff sued each Defendants in their Personal and Professional capacity. Plaintiff sued Defendant Daniel Hogan for 1. 1 Millon; Plaintiff sued Defendant Marilyn Wellington for 1. 1 Millon; Plaintiff sued Defendant Francis Caffrey for 1. 1 Millon; Plaintiff sued Defendant Charles Johnson for 1. 1 Millon. The total money damages for all Defendant is 4. 4 Millon Dollars.

## VI.   DEMAND FOR PUNITIVE DAMAGES

**26.** The actions of all the Defendants described herein were extreme and outrageous, and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate to Punish Defendants for their actions and uncivlized conduct.

## VII.   DEMAND FOR TRIAL BY JURY

**27.** The Plaintiff hereby demand a trial by jury.

## VIII.   CONCLUSION

**28. Therefore,** Plaintiff pray that this Honohable United States District Court GRANT this Plaintiff Civil Action pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1332, 1341 & 1343.

Dated: **11 / 01** /2004.

cc: OGH.

Respectfully submitted,

Owen Garth Hinkson, Pro se.
Reg. No. 17785-038
Federal Correctional Institution
Ray Brook
P.O. Box 9001
Ray Brook, New York 12977-9001

-10-