```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

OWEN GARTH HINKSON,           )
         Plaintiff,           )
                              )
     v.                       )     C.A. No. 04-12440-JLT
                              )
DANIEL J. HOGAN, et al.,      )
         Defendants.          )
```

MEMORANDUM AND ORDER

Now before the Court is plaintiff's letter seeking to withdraw this action. For the reasons set forth below, the Court (1) treats plaintiff's letter as a motion for voluntary dismissal; and (2) allows plaintiff's motion for voluntary dismissal without assessment of the filing fee.

BACKGROUND

On November 3, 2004, plaintiff, now incarcerated at FCI Ray Brook, filed his pro se complaint accompanied by an Application to Proceed Without Prepayment of Fees.

Because plaintiff filed an Application to Proceed Without Prepayment of Fees, summonses were not issued in order to allow the Court to review the complaint to determine whether it satisfied the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

One week after filing his complaint, on November 10, 2004, Mr. Hinkson filed a letter indicating, among other things, that he seeks to withdraw the above-entitled case and

that intends to file the case after he exhausts his administrative remedies. The Court will treat plaintiff's letter as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

## DISCUSSION

A motion for voluntary dismissal in the federal system is controlled by Federal Rule of Civil Procedure 41(a). See Fed. R. Civ. P. 41(a)(1)-(2). Under Rule 41(a)(1), a plaintiff can voluntarily dismiss an action without order of the court by filing either a notice of dismissal before the defendant files an answer, or a stipulation of dismissal signed by all parties. Fed. R. Civ. P. 41(a)(1). Rule 41(a)(1) provides in part that:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed. R. Civ. P. 41(a)(1).

Additionally, because plaintiff is incarcerated, he is subject to the fee-paying provisions of the Prison Litigation Reform Act. See 28 U.S.C. §§ 1915(b)(1), 1915(e)(2). At least one court has recognized that once prisoners are allowed "to proceed in forma pauperis, they owe the United States of

America the full filing fee, and this is true even if they voluntarily dismiss their cases."  See Copley v. Henderson, 980 F. Supp. 322, 323 (D. Neb. 1997); Cf. Sumner v. Tucker, 9 F. Supp. 2d 641, 643 (E.D. Va. 1998) (dismissing without prejudice a prisoner's Section 1983 action upon plaintiff's motion for voluntary dismissal, while at the same time disposing of the action as frivolous under 28 U.S.C. § 1915(g) when the Court had expended significant time and resources reviewing plaintiff's claims).

    Here, the Court has neither ruled on plaintiff's Application to Proceed Without Prepayment of Fees nor reviewed the merits of plaintiff's claims.  Because plaintiff is seeking to withdraw this action at such an early stage, this action may be dismissed by plaintiff without order of the Court.

ORDER

    For the foregoing reasons, it is hereby ORDERED

1. Plaintiff's Motion for Voluntary Dismissal is ALLOWED.

2. The Clerk is directed to enter as a separate document a final judgment as follows:

>      This civil action is DISMISSED without prejudice
> and without assessment of the filing fee.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>22nd</u> day of <u>November</u>, 2004.

<u>/s/ Joseph L. Tauro</u>
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE